IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

BRIAN KEITH THORNTON,      *

    Plaintiff,      *

vs.      *
                                   CASE NO. 3:17-CV-112 (CDL)

UNIFIED GOVERNMENT OF ATHENS-      *
CLARKE COUNTY, GEORGIA,
     *
    Defendant.
     *

O R D E R

Plaintiff Brian Keith Thornton brought this employment discrimination action against his former employer, Defendant Unified Government of Athens-Clarke County, Georgia ("ACC"), under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ACC filed a counterclaim to enforce the settlement ACC reached with Thornton's attorney before Thornton fired him. Thornton did not answer or otherwise respond to the counterclaim, and the Clerk entered a default as to Thornton on November 17, 2017. ACC's motion for default judgment followed. Thornton did not respond. As discussed below, the motion (ECF No. 12) is granted.

FACTUAL ALLEGATIONS

By his default, Thornton admitted the well-pleaded allegations of fact in ACC's counterclaim. *See, e.g., Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th

Cir. 2009) ("A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact . . . .'" (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). ACC alleged the following facts in its counterclaim:

ACC terminated Thornton on March 2, 2017. He appealed via ACC's administrative appeal procedures, and he hired attorney Jeff Del Rio to represent him. Del Rio sent ACC a letter to inform ACC that he represented Thornton in the matter. Del Rio made a settlement demand of $20,000 on behalf of Thornton. ACC's attorney made a counteroffer of $2,500 in exchange for a release of Thornton's claims and several other terms. Del Rio responded with a "best and final" settlement offer of $10,000 and stated that the terms ACC's attorney proposed were acceptable. ACC's attorney sent an email to Del Rio confirming the terms of the settlement agreement he and Del Rio reached, which included (1) payment of $10,000 to be split between Thornton and Del Rio, (2) release of all of Thornton's claims against ACC, (3) non-admission of liability by ACC, (4) confidentiality of agreement terms by Thornton, (5) withdrawal of Thornton's charge before the Equal Employment Opportunity Commission, and (6) a neutral reference for Thornton. Del Rio responded that he was glad they "could get the matter resolved." Def.'s Mot. for Default J. Ex. B, Email from J. Del Rio to P. Lail (Apr. 12, 2017 at 9:48 AM), ECF No. 8-2 at 2. ACC's attorney notified the hearing officer that the appeal

2

hearing could be cancelled. Neither Thornton nor Del Rio informed ACC's attorney that Thornton had placed any restrictions or limitations on Del Rio's authority to settle the claims on Thornton's behalf.

The next day, Del Rio notified ACC's attorney that Thornton did not wish to resolve the matter and that Thornton wanted to reschedule his appeal hearing. ACC's attorney informed Del Rio that there was no need to hold the hearing because the parties had reached a settlement. Shortly after that, Del Rio informed ACC's attorney that he no longer represented Thornton. ACC's attorney then wrote Thornton a letter summarizing the details of the parties' settlement and asking for instructions on how to issue the settlement checks. Thornton did not respond, and ACC's attorney tendered the checks in accordance with Del Rio's prior instructions. The checks were refused and returned to ACC's attorney. Thornton later filed this action.

## DISCUSSION

After Thornton filed this action, ACC filed a counterclaim seeking to enforce the settlement agreement. Thornton did not answer or otherwise respond to the counterclaim, and the Clerk entered a default under Federal Rule of Civil Procedure 55(a). Thornton did not seek to set aside the default. Although the well-pleaded facts alleged in the counterclaim are taken as true, the Court must still determine whether those allegations state a

claim for relief. *Cf. Eagle Hosp. Physicians, LLC*, 561 F.3d at 1307 (noting that a default defendant may "challenge the sufficiency of the complaint, even if he may not challenge the sufficiency of the proof").

"A settlement agreement is a contract, and it 'must meet the same requirements of formation and enforceability as other contracts.'" *DeRossett Enters., Inc. v. Gen. Elec. Capital Corp.*, 621 S.E.2d 755, 756 (Ga. Ct. App. 2005) (quoting *Greenwald v. Kersh*, 621 S.E.2d 465, 467 (Ga. Ct. App. 2005)). If a "meeting of the minds exists" and there is an offer and acceptance for consideration, then a binding contract is formed. *Id.* (quoting *Greenwald*, 621 S.E.2d at 467). The law "favors compromise, and when parties have entered into a definite, certain, and unambiguous agreement to settle, it should be enforced." *Id.* (quoting *Greenwald*, 621 S.E.2d at 467). In other words, a settlement "contract is enforceable when its terms are 'expressed in language sufficiently plain and explicit to convey what the parties agreed upon.'" *Id.* at 757 (quoting *Mon Ami Int'l, Inc. v. Gale*, 592 S.E.2d 83, 87 (Ga. Ct. App. 2003)).

A formal written agreement is not necessary; "letters or documents prepared by attorneys which memorialize the terms of the agreement reached will suffice." *Johnson v. DeKalb Cty.*, 726 S.E.2d 102, 106 (Ga. Ct. App. 2012) (quoting *Pourreza v. Teel Appraisals & Advisory, Inc.*, 616 S.E.2d 108, 111 (Ga. Ct. App.

4

2005)). In *Johnson*, for example, the Georgia Court of Appeals found that emails between the parties' attorneys constituted a binding settlement agreement. *Id.; accord DeRossett Enters., Inc.*, 621 S.E.2d at 757 (finding that the parties had a binding settlement agreement based on letters between their attorneys).

Finally, "[u]nder Georgia law an attorney of record has apparent authority to enter into an agreement on behalf of his client and the agreement is enforceable against the client by other settling parties." *Brumbelow v. N. Propane Gas Co.*, 308 S.E.2d 544, 546 (Ga. 1983). "This authority is determined by the contract between the attorney and the client and by instructions given the attorney by the client, and in the absence of express restrictions" that are communicated to opposing parties, "the authority may be considered plenary by the court and opposing parties." *Id.* "Therefore, where there is no challenge to the existence or the terms of an agreement but only to an attorney's authority to enter into it, the client is bound by its terms even in the absence of a writing or detrimental reliance on the part of the opposite party." *Id.* at 547.

Here, the terms of the settlement agreement were memorialized in an email between Del Rio and ACC's attorney: (1) payment of $10,000 to be split between Thornton and Del Rio, (2) release of all of Thornton's claims against ACC, (3) non-admission of liability by ACC, (4) confidentiality of agreement terms by

Thornton, (5) withdrawal of Thornton's charge before the Equal Employment Opportunity Commission, and (6) a neutral reference for Thornton. ACC knew of no restrictions on Del Rio's authority to settle Thornton's claims. Accordingly, there was a binding settlement agreement between Thornton and ACC. The Court therefore grants ACC's motion for default judgment on its counterclaim to enforce the settlement (ECF No. 12).

ACC is directed to provide Thornton with a release that releases only his claims asserted in this action. Thornton is directed to sign the release and return the release to ACC's counsel within fourteen days of receipt of it. Within seven days of receipt of the release, ACC is directed to provide Thornton with the settlement funds. If Thornton's prior counsel has filed an appropriate attorney's lien pursuant to O.C.G.A. § 15-19-14, ACC shall pay the funds into the registry of this Court, and the Court will determine how the funds should be divided. After the release has been received and the funds disbursed, ACC shall file a motion to dismiss the action.

IT IS SO ORDERED, this 25th day of January, 2018.

> S/Clay D. Land
> CLAY D. LAND
> CHIEF U.S. DISTRICT COURT JUDGE
> MIDDLE DISTRICT OF GEORGIA

6