IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| BRIAN KEITH THORNTON, | * |
| Plaintiff, | * |
| vs. | * |
| | CASE NO. 3:17-CV-112 (CDL) |
| UNIFIED GOVERNMENT OF ATHENS-CLARKE COUNTY, GEORGIA, | * |
| | * |
| Defendant. | * |
| | * |

O R D E R

Presently pending before the Court is Plaintiff Brian Keith Thornton's motion for relief from the judgment (ECF No. 27). As discussed below, the motion is denied.

DISCUSSION

Plaintiff Brian Keith Thornton brought this employment discrimination action against his former employer, Defendant Unified Government of Athens-Clarke County, Georgia ("ACC"), under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ACC contends that it reached a settlement with Thornton's attorney, and it filed a counterclaim to enforce that settlement. Thornton did not answer or otherwise respond to the counterclaim, and the Clerk entered a default as to Thornton on November 17, 2017. ACC's motion for default judgment followed on December 8, 2017. Thornton did not respond, and the Court

granted the motion for default judgment on January 25, 2018. Order Granting Mot. for Default J., ECF No. 15.

The Court concluded that by his default, Thornton admitted the well-pleaded allegations of fact in ACC's counterclaim. Those allegations of fact established that there was a binding settlement agreement between Thornton and ACC. *See generally id.* The Court ordered ACC to provide Thornton a release, directed Thornton to sign that release, and ordered ACC to give the settlement funds to Thornton once it received the signed release. Thornton did not file a motion in this Court in response to the order granting ACC's motion for default judgment.[1] Thornton did not sign the release, and ACC moved to enforce the settlement. Thornton did not respond to the motion to enforce the settlement. The Court granted the motion and ordered the Clerk to enter final judgment in favor of ACC and against Thornton on Thornton's claims and on ACC's counterclaim. *See generally* Order Granting Mot. to Enforce Settlement, ECF No. 25. The Clerk entered judgment on May 18, 2018. J., ECF No. 26.

Thornton filed a motion for reconsideration of the judgment. The Court "may set aside a final default judgment under [Federal] Rule [of Civil Procedure] 60(b)." Fed. R. Civ. P. 55(c). Under Rule 60(b), the Court may relieve a party from

---

[1] Thornton did attempt to appeal the Court's order granting ACC's motion for default judgment. The Court of Appeals dismissed the appeal for lack of jurisdiction because there was no final judgment to appeal at that time.

2

a final judgment for "(1) mistake, inadvertence, surprise, or excusable neglect; [or] (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b).

Thornton makes two main arguments in support of his present motion. First, he argues that he did not respond to ACC's motion for a default judgment because the Court did not explicitly instruct him to do so and because he was preoccupied by some family troubles while the motion was pending. The Court construes this argument as seeking to set aside the judgment due to excusable neglect. "To establish excusable neglect, the defaulting party must show that: '(1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint.'" *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911 (11th Cir. 2011) (per curiam) (quoting *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003)). If the defaulting party offers "no good reason for failing to respond to the complaint . . ., excusable neglect cannot be established." *Id.*

Thornton offered no reason at all for his failure to answer ACC's counterclaim. For that reason alone, Thornton did not demonstrate excusable neglect sufficient to support his motion

3

to set aside the default judgment. Thornton also offered no good reason for failing to respond to ACC's motion for default judgment. Thornton does not argue that he was not served with ACC's motions. He appears to argue, however, that he did not realize that he should respond to ACC's motions because the Court did not instruct him to respond. The Court's local rules permit response briefs and set a deadline for such briefs. *See* M.D. Ga. R. 7.2. Pro se litigants like Thornton must "conform to procedural rules, including deadlines." *Bonilla v. U.S. Dep't of Justice*, 535 F. App'x 891, 893 (11th Cir. 2013) (per curiam). If Thornton wished to oppose ACC's motions, he should have filed response briefs as permitted by the local rules.

As to Thornton's argument that he could not respond to ACC's motions due to some family issues, the Court notes that less than a week after ACC filed its motion for default judgment, Thornton applied (albeit unsuccessfully) for a Clerk's entry of default as to all Defendants. The Court is thus not convinced that Thornton was unable to litigate this case while ACC's motion for default judgment was pending. For all of these reasons, the Court finds that Thornton failed to establish excusable neglect.

Thornton's second argument in support of his present motion is that he has documentary evidence showing that he rejected ACC's settlement offer. Thornton does not assert that this

4

evidence is newly discovered.  And, although Thornton contends that he briefly misplaced this evidence at some point in the past, he does not argue that this evidence (or at least an affidavit regarding the facts within his personal knowledge) was unavailable during the pendency of the motion for default judgment or the motion to enforce the settlement.  The previously unsubmitted evidence is therefore not a valid basis for Thornton's motion.

CONCLUSION

As discussed above, Thornton did not present a valid basis for setting aside the default judgment against him.  His motion for relief from the judgment (ECF No. 27) is denied.

IT IS SO ORDERED, this 6th day of June, 2018.

s/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA
