IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| BRIAN KEITH THORNTON, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 3:17-cv-00112-CDL |
| ATHENS-CLARKE COUNTY UNIFIED GOVERNMENT, *et al.*, | : | |
| Defendants. | : | |

# ORDER

Plaintiff Brian Keith Thornton filed a motion for leave to appeal *in forma pauperis* (ECF No. 33) from the Court's May 18, 2018, Order granting the Defendant's motion to enforce judgment and dismissing Plaintiff's claims against the Athens-Clarke County Unified Government ("ACC"). Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Fed. R. App. P. 24. 28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> . . .
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Fed. R. App. P. 24(a) provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:

> (A) shows . . . the party's inability to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on appeal.
>
> (2) If the district court denies the motion, it must state its reasons in writing.

Thus, the Court must make two determinations when faced with an application to proceed *in forma pauperis*. First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal. Plaintiff's application and accompanying affidavit suggest that he is currently unable to pay the $505 filing fee.

Next, the Court must determine if the plaintiff has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id.*; *Morris v. Ross*, 664 F.2d 1032, 1033 (11th Cir. 1981). An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). "Arguable means being capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

Plaintiff filed this employment discrimination action against ACC, Plaintiff's former employer, and Defendants Carlton, Duck, Ward, Hale, Goolsby, Terry, Coleman, Castleberry, and Stephens, Plaintiff's former co-workers. Compl., ECF No. 1. Plaintiff alleged that the Defendants discriminated against him based on his race and retaliated against him when he complained of the racial discrimination. *Id*. at 4-6. The individual Defendants filed a motion to dismiss on October 16, 2017, which the Court granted on December 13, 2017, because relief under Title VII is not available against individual employees. Order Granting Mot. to Dismiss 1-2, ECF No. 14.

ACC's September 7, 2017, Answer asserted a counterclaim to enforce settlement. Answer, ECF No. 8. ACC alleged that Plaintiff's former counsel negotiated a settlement of the case on Plaintiff's behalf. *Id.* at 19. On November 17, 2017, the Clerk entered default as to Plaintiff after Plaintiff failed to respond to ACC's counterclaim. Plaintiff did not seek to set aside default or otherwise respond to the Clerk's entry of default and on January 25, 2018, the Court granted ACC's motion for default judgment. Order Granting Mot. for Default J., ECF No. 15. Thereafter, on May 18, 2018, the Court granted ACC's motion to enforce judgment. Order Granting Mot. to Enforce J., ECF No. 25.

In his motion to proceed *in forma pauperis* on appeal, Plaintiff does not identify the basis of his appeal or argue that the Court's judgment was flawed. A review of the Court's past rulings, as outlined above, also reveals no arguable basis for appeal. The appeal is frivolous and not brought in good faith. Consequently, Plaintiff's motion for leave to appeal *in forma pauperis* (ECF No. 33) is **DENIED**. If Plaintiff wishes to proceed with

his appeal, he must pay the entire $505 appellate filing fee. Checks should be made payable to "Clerk, U.S. District Court."

**SO ORDERED**, this 27th day of August, 2018.

                                          s/Clay D. Land
                                          CLAY D. LAND
                                          CHIEF U.S. DISTRICT COURT JUDGE
                                          MIDDLE DISTRICT OF GEORGIA